UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-CV-62272

OSBALDO REYES RAMOS,
BALTAZAR REYES RAMOS, and
FABIO VASQUEZ GARCES,

    Plaintiffs,

vs.

AMJC CORPORATION,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, Osbaldo Reyes Ramos, Baltazar Reyes Ramos, and Fabio Vasquez Garces, sue Defendant, AJMC Corporation, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Osbaldo Reyes Ramos**, is over 18 years old and has been a *sui juris* resident of Broward County, Florida, at all times material.

2. **Plaintiff, Baltazar Reyes Ramos**, is over 18 years old and has been a *sui juris* resident of Broward County, Florida, at all times material.

3. **Plaintiff, Fabio Vasquez Garces**, is over 18 years old and has been a *sui juris* resident of Broward County, Florida, at all times material.

4. Each Plaintiff was an hourly employee of Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

5. Each Plaintiff was a non-exempt employee of Defendant.

6. Each Plaintiff consents to participate in this lawsuit.

1

7. **Defendant, AJMC Corporation,** is a *sui juris* Florida for-profit corporation that conducted its construction business in Broward County, Florida, at all times material, where it maintained its principal place of business.

8. Defendant was Plaintiffs' employer, as the term "employer" is defined by 29 U.S.C. §203(d).

9. This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and supplemental/pendent jurisdiction over Plaintiffs' related state law claim(s).

10. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, because Defendant maintained its principal places of business in this District, because Plaintiffs worked and were due to be paid in Broward County, and because most if not all of the operational decisions were made in this District.

11. Plaintiffs attempted to resolve this matter pre-suit with Defendant, but to no avail.

12. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiffs.

13. Plaintiffs retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### *Common Background Facts*

14. To the extent that records exist regarding the exact dates of Plaintiffs' employment exist, such records are in the exclusive custody of Defendant.

#### a. Plaintiff, Osbaldo Reyes Ramos

15. Defendant hired Plaintiff, Osbaldo Reyes Ramos, to perform finishing work such as applying primer to drywall and other construction-related tasks at a hotel on Las Olas

Boulevard.

16. Plaintiff, Osbaldo Reyes Ramos, worked for Defendant from about January 8, 2018 to June 26, 2020.

17. Defendant paid Plaintiff, Osbaldo Reyes Ramos, for each day that he worked up until approximately April 9, 2020.

### b. Plaintiff, Baltazar Reyes Ramos

18. Defendant hired Plaintiff, Baltazar Reyes Ramos, to perform framing of structures and roofing work such as applying primer to drywall and other construction-related tasks at a hotel on Las Olas Boulevard.

19. Plaintiff, Baltazar Reyes Ramos, worked for Defendant from about November 23, 2019 to June 12, 2020.

20. Defendant paid Plaintiff, Baltazar Reyes Ramos, for day that he worked up until approximately the end of March 2020.

### c. Plaintiff, Fabio Vasquez Garces

21. Defendant hired Plaintiff, Fabio Vasquez Garces, to perform finishing work such as caulking, applying primer to drywall and other construction-related tasks at a several different locations.

22. Plaintiff, Fabio Vasquez Garces, worked for Defendant from about March 24, 2018 to August 3, 2020.

23. Defendant paid Plaintiff, Fabio Vasquez Garces, for each day that he worked up until approximately July 25, 2020

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

## **COUNT I – FLSA MINIMUM WAGE VIOLATION(S)**

Plaintiffs, Osbaldo Reyes Ramos, Baltazar Reyes Ramos, and Fabio Vasquez Garces, reincorporate and re-allege all preceding paragraphs as though set forth fully herein and further allege as follows:

24. Defendant regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered by the Fair Labor Standards Act.

25. Defendant has been at all times material engaged in interstate commerce in the course of its provision of construction and contracting services which, traditionally, cannot be performed without using drywall, fasteners, adhesives, caulking, primer, brushes, rollers, tools, vehicles, wood, goods, materials, supplies, and equipment that have all moved through interstate commerce.

26. Defendant also engaged in interstate commerce in the course of its submission of billings and receipt of payment involving out-of-state payors.

27. Furthermore, Defendant obtains, solicits, exchanges and send funds to and from outside of the State of Florida, regularly and recurrently uses telephonic transmissions going outside of the State of Florida to conduct business, and transmits electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of its business.

28. Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or $125,000.00 for each relevant fiscal quarter.

4

29. Defendant failed and refused to pay Plaintiffs even a minimum wage of $7.25 per hour for each of the hours that they worked.

30. Defendant willfully and intentionally refused to pay Plaintiffs at least a minimum wages for each of the hours they worked during the relevant time period by paying Plaintiffs in cash, by not making or maintaining records of the hours Plaintiffs worked, and then by not paying Plaintiffs for each of the hours they for Defendant.

31. Defendant either recklessly failed to investigate whether its failure to pay Plaintiffs at least a minimum wage for the hours they worked during the relevant time period violated the Federal Wage Laws of the United States, it intentionally misled Plaintiffs to believe that Defendant was not required to pay at least a minimum hourly wage, and/or Defendant concocted a scheme pursuant to which it deprived Plaintiffs of the minimum wage pay they earned.

32. Plaintiffs are entitled to a backpay award of minimum wages for all hours they worked after Defendant stopped paying, plus an equal amount as a penalty/liquidated damages, plus their attorneys' fees and costs.

WHEREFORE Plaintiffs, Osbaldo Reyes Ramos, Baltazar Reyes Ramos, and Fabio Vasquez Garces, demands the entry of a judgment in their favor and against Defendant, AMJC Corporation, after trial by jury, and as follows:

    a. That Plaintiffs recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.  That Plaintiffs recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

c.  That Plaintiffs recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d.  That Plaintiffs recover all interest allowed by law;

e.  That Defendants be Ordered to make Plaintiffs whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f.  That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g.  Such other and further relief as the Court deems just and proper.

## COUNT II – FLSA OVERTIME VIOLATION(S)

Plaintiffs, Osbaldo Reyes Ramos, Baltazar Reyes Ramos, and Fabio Vasquez Garces, reincorporate and re-allege paragraphs 1 through 24 as though set forth fully herein and further allege as follows:

33. Defendant regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered by the Fair Labor Standards Act.

34. Defendant has been at all times material engaged in interstate commerce in the course of its provision of construction and contracting services which, traditionally, cannot be performed without using drywall, fasteners, adhesives, caulking, primer, brushes, rollers, tools,

vehicles, wood, goods, materials, supplies, and equipment that have all moved through interstate commerce.

35. Defendant also engaged in interstate commerce in the course of its submission of billings and receipt of payment involving out-of-state payors.

36. Furthermore, Defendant obtains, solicits, exchanges and send funds to and from outside of the State of Florida, regularly and recurrently uses telephonic transmissions going outside of the State of Florida to conduct business, and transmits electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of its business.

37. Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or $125,000.00 for each relevant fiscal quarter.

38. Defendant regularly and routinely required Plaintiffs to work more than 40 hours per week.

39. Defendant willfully and intentionally refused to pay Plaintiffs overtime wages of at least one and one-half times Plaintiffs' regular rate(s) of pay for all hours that they worked beyond 40 in a workweek.

40. Defendant either recklessly failed to investigate whether its failure to pay Plaintiffs overtime wages of at least one and one-half times their regular rate(s) of pay for all hours that they worked beyond 40 in a workweek violated the Fair Labor Standards Act, Defendant intentionally misled Plaintiffs to believe that it was not required to pay them overtime wages for all hours worked beyond 40 in a workweek, and/or Defendant concocted a scheme pursuant to which it deprived Plaintiffs of the overtime wage pay they earned.

41.     Plaintiffs are entitled to a backpay award of overtime wages of one and one-half times their regular rate(s) of pay for all hours that they worked beyond 40 in a workweek, plus an equal amount as a penalty/liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiffs, Osbaldo Reyes Ramos, Baltazar Reyes Ramos, and Fabio Vasquez Garces, demands the entry of a judgment in their favor and against Defendant, AMJC Corporation, after trial by jury, and as follows:

   a. That Plaintiffs recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

   b. That Plaintiffs recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

   c. That Plaintiffs recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

   d. That Plaintiffs recover all interest allowed by law;

   e. That Defendants be Ordered to make Plaintiffs whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

   f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

   g. Such other and further relief as the Court deems just and proper.

## COUNT III – BREACH OF CONTRACT

Plaintiffs, Osbaldo Reyes Ramos, Baltazar Reyes Ramos, and Fabio Vasquez Garces, reincorporate and re-allege paragraphs 1 through 24 as though set forth fully herein and further allege as follows:

42. Through this claim, Plaintiffs seek recovery of the "pure gap time" wages that they worked and earned, but did not receive.[1] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996).)

43. Plaintiff, Osbaldo Reyes Ramos, and Defendant agreed that in exchange for Plaintiff expending time and effort on its behalf, it would compensate him at a rate of $144.00 for each day that he worked for them ($18/hour x 8 hours/day).

44. Plaintiff, Baltazar Reyes Ramos, and Defendant agreed that in exchange for Plaintiff expending time and effort on its behalf, it would compensate him at a rate of $$144.00 for each day that he worked for them ($18/hour x 8 hours/day).

45. Plaintiff, Fabio Vasquez Garces, and Defendant agreed that in exchange for Plaintiff expending time and effort on its behalf, it would compensate him at a rate of $144.00 for each day that he worked for them ($18/hour x 8 hours/day).

46. Plaintiffs performed under the parties' contract/agreement by performing work for Defendant, as aforesaid.

---

[1] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

47. Defendant, however, failed and refused to perform its obligation to timely pay Plaintiffs at the agreed-upon rate for each hour/day of work performed.

48. Plaintiff, Osbaldo Reyes Ramos, has been damaged as a result of Defendants' failure to timely pay him the agreed-upon amount for each hour/day of work that he performed for Defendant since April 10, 2020.

49. Plaintiff, Baltazar Reyes Ramos, has been damaged as a result of Defendants' failure to timely pay him the agreed-upon amount for each hour/day of work that he performed for Defendant since the end of March 2020

50. Plaintiff, Fabio Vasquez Garces, has been damaged as a result of Defendants' failure to timely pay him the agreed-upon amount for each hour/day of work that he performed for Defendant since July 25, 2020.

WHEREFORE Plaintiffs, Osbaldo Reyes Ramos, Baltazar Reyes Ramos, and Fabio Vasquez Garces, demand the entry of a judgment in their favor and against Defendant, AMJC Corporation, after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## **COUNT IV – UNJUST ENRICHMENT**

Plaintiff, Osbaldo Reyes Ramos, Baltazar Reyes Ramos, and Fabio Vasquez Garces, reincorporate and re-allege paragraphs 1 through 24 as though set forth fully herein and further allege as follows:

51. Through this claim, Plaintiffs seek recover of the "pure gap time" wages that they

worked and earned, but did not receive.[2] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); Botting v. Goldstein, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).)

52. Plaintiffs provided labor and services for Defendant, and Defendant received and accepted the benefits of the labor and services supplied by each Plaintiff.

53. Plaintiffs expected to be paid for a reasonable value for the labor and services they each provided to Defendant.

54. Plaintiffs provided services on behalf of Defendant for its construction business, as requested, Defendant inspected the work performed, Defendant received and accepted the benefits of the work, efforts, and labor that Plaintiffs provided, and Defendant convinced Plaintiffs to continue working after it stopped paying them.

55. Defendant was unjustly enriched in that it failed and refused to make payment to Plaintiff, Osbaldo Reyes Ramos, for the benefits he conferred upon it since April 10, 2020.

56. Defendant was unjustly enriched in that it failed and refused to make payment to Plaintiff, Baltazar Reyes Ramos, for the benefits he conferred upon it since the end of March 2020.

57. Defendant was unjustly enriched in that it failed and refused to make payment to Plaintiff, Osbaldo Reyes Ramos, for the benefits he conferred upon it since July 25, 2020.

---

[2] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884  fax 305.230.4844
www.fairlawattorney.com

WHEREFORE Plaintiffs, Osbaldo Reyes Ramos, Baltazar Reyes Ramos, and Fabio Vasquez Garces, demand the entry of a judgment in their favor and against Defendant, AMJC Corporation, after trial by jury, for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, Osbaldo Reyes Ramos, Baltazar Reyes Ramos, and Fabio Vasquez Garces, demands a trial by jury of all issues so triable.

Respectfully submitted this 6th day of November 2020,

                                          s/Brian H. Pollock, Esq.
                                          Brian H. Pollock, Esq. (174742)
                                          brian@fairlawattorney.com
                                          FAIRLAW FIRM
                                          7300 North Kendall Drive
                                          Suite 450
                                          Miami, FL 33156
                                          Tel:    305.230.4884
                                          *Counsel for Plaintiffs*